UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OCIN KO, | Civil No. 13-596 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM; MERSCORP, INC.; EVERBANK FINANCIAL CORPORATION; SHAPIRO & ZIELKE; and ALL OTHER PERSONS, UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, INTEREST, OR LIEN IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN, | |
| Defendants. | |

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN  55402, for plaintiff.

Wendy Oien Sanchez and Kalli L. Ostlie, **SHAPIRO & ZIELKE, LLP**, 12550 West Frontage Road, Suite 200, Burnsville, MN  55337, for defendants.

Plaintiff Ocin Ko brings this quiet title action against defendants Mortgage Electronic Registration System and MERSCORP, Inc. (collectively, "MERS"), EverBank Financial Corporation ("EverBank"), the law firm Shapiro & Zielke, and "all other person[s], unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." Ko's central allegation is that the foreclosure sale of his property, which occurred on June 28, 2012, was void because Ann Johnson, an

EverBank employee, executed an assignment of the mortgage from MERS to EverBank and lacked authority to do so.  (*See* Notice of Removal, Ex. 1 ("Compl.") ¶¶ 9-10, 13, 19, Mar. 14, 2013, Docket No. 1.)

Following the foreclosure sale and the expiration of the redemption period, EverBank commenced an eviction action in Anoka County District Court.  (Decl. of Kalli L. Ostlie, Ex. F, Apr. 3, 2013, Docket No. 11.)  The state court granted EverBank's motion for summary judgment and issued a writ of recovery on March 14, 2013.  (*Id.*)  Ko did not appeal within the ten day period to appeal.  *See* Minn. Stat. § 504B.371, subd. 2.  Ko did, however, file this separate quiet title action in Anoka County District Court prior to the summary judgment order in the eviction proceedings.  (Ostlie Decl., Ex. G.)  Defendants removed the action to this Court.  (*See* Notice of Removal.)  Currently before the Court is Ko's motion for a temporary restraining order to enjoin the completion of his eviction proceedings, which is scheduled to occur today, April 4, 2013.  (Defs.' Mem. in Opp. at 1-2, Apr. 3, 2013, Docket No. 10.)

The Court generally considers four factors in determining whether to grant a temporary restraining order: (1) the probability that the moving party will succeed on the merits; (2) the threat of irreparable harm to the moving party; (3) the balance of harms as between the parties; and (4) the public interest.  *See CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 401-02 (8th Cir. 2009) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).  However, if a party "fail[s] to show any likelihood of success on the merits," the Court need not consider the remaining factors.  *See Oglala Sioux Tribe v. C & W Enters., Inc.*, 542 F.3d 224, 233 (8th Cir. 2008).

The Court finds in the present case, at this preliminary stage, that Ko has failed to demonstrate any likelihood of success on the merits.  Ko's central allegation in support of his motion is that "Ann Johnson lacked authority to execute the February 7, 2012 assignment from MERS to EverBank [because] Ms. Johnson was actually an employee of EverBank and a private investigator found nothing to show Ms. Johnson was an employee-agent of MERS."  (Mem. in Supp. at 9, Apr. 2, 2013, Docket No. 4.)  However, along with their response to Ko's motion, defendants provided a MERS corporate resolution appointing several EverBank employees, including Johnson, as MERS Signing Officers and authorizing those employees to assign mortgages as "assistant secretary and vice president of MERS."  (Ostlie Decl., Ex. H.)  Defendants seem to have carefully followed MERS' "very specific rules about who is given authority to execute assignments of mortgage on its behalf."  (*See* Mem. in Supp. at 9; Aff. of William Butler, Ex. 2 at 26, Apr. 2, 2013, Docket No. 5.)  The Court therefore finds, based on the evidence currently presented, that  Ko's allegations are entirely unsupported and Johnson did have authority to execute the assignment[1]  *See Kebasso v. BAC Home*

---

[1] Ko's attorney submitted a letter to the Court at approximately 11:00 a.m. raising the entirely new argument that even if Johnson had authority from MERS to execute the assignment, the assignment is still invalid unless Johnson proves she had "authority to sign for MERS **as nominee for Countrywide**." (Letter, Apr. 4, 2013, Docket No. 12 (emphasis added).)  First, the shifting nature of Ko's arguments is problematic.  The argument was not raised until after the Court held a phone conference and defendants filed their response to Ko's motion.  Ko's attorney's tactics are troubling and have the potential to undermine the fair administration of justice.  Second, the new argument appears to be a variation of the "show me the note" theory that has been repeatedly rejected.  *See Butler v. Bank of Am., N.A.*, 690 F.3d 959, 962 (8th Cir. 2012) (holding that the theory is foreclosed by the plain language of Minnesota's foreclosure-by-advertisement statute.").   Countrywide was the original lender to Ko, but MERS was the

(Footnote continued on next page.)

*Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1109-10 (D. Minn. 2011) (relying on a MERS resolution like the one provided in the present case to find that an attorney had authority to execute an assignment of a mortgage).

Thus, although being wrongfully evicted likely would amount to irreparable harm, the Court will deny Ko's motion for a temporary restraining order because Ko has not demonstrated any likelihood of prevailing on the merits of his quiet title action.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order [Docket No. 3] is **DENIED**.

DATED: April 4, 2013　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

_____
(Footnote continued.)

mortgagee. (Ostlie Decl., Ex. A at 1.) As mortgagee, MERS had authority to transfer the mortgage directly to EverBank, and Johnson had authority to execute the assignment on behalf of MERS, as the Court will discuss. *See Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage. The assignment of the promissory note to another operates as an equitable assignment of the underlying mortgage, but the right to enforce the mortgage remains with the legal holder of the mortgage." (internal quotation marks omitted)).

[2] Because the Court finds that Ko is not entitled to a temporary restraining order, it need not determine whether such injunctive relief would run afoul of the Anti-Injunction Act, 28 U.S.C. § 2283.