UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OCIN KO,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEM; MERSCORP, INC.; EVERBANK FINANCIAL CORPORATION; SHAPIRO & ZIELKE; ALL OTHER PERSON, UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, INTEREST, OR LIEN IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN,<br><br>Defendants. | Civil No. 13-596 (JRT/AJB)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for plaintiff.

Wendy Oien Sanchez and Kalli L. Ostlie, **SHAPIRO & ZIELKE, LLP**, 12550 West Frontage Road, Suite 200, Burnsville, MN 55337, for defendants.

This case is one of more than seventy cases in this district where the plaintiff is represented by William B. Butler – in each, the plaintiffs challenge the validity, assignment, or foreclosure of their mortgage in an attempt to prevent or frustrate foreclosure. Plaintiff Ocin Ko brought this action in state court against Defendants Mortgage Electronic Registration System, Inc. ("MERS"); MERSCORP, Inc.; EverBank Financial Corporation ("EverBank"); and Shapiro & Zielke, LLP ("Shapiro") seeking to

void the residential foreclosure sale of his home.[1]  Ko's Complaint contains five counts: (1) quiet title; (2) declaratory relief; (3) penalties for deceit or collusion, (4) negligence per se, and (5) slander of title.  Ko moves for remand to state court and Defendants move to dismiss the Complaint.  The Court will deny Ko's motion for remand because it finds that the party destroying diversity was fraudulently joined.  The Court will grant Defendants' motion because Ko fails to state a claim upon which relief can be granted.

## BACKGROUND

Ko executed a promissory note secured by a mortgage in 2008 for property located in Fridley, Minnesota.  (Compl. ¶¶ 1, 7, Mar. 14, 2013, Docket No. 1.)  Ko executed the mortgage in favor of MERS.  (*Id.*)  Although the timing is unclear from the record, at some point, Ko defaulted on his loan.  On February 7, 2012, MERS assigned its interest in Ko's mortgage to EverBank.[2]  (*Id.* ¶ 9.)  On February 8, 2012, Shapiro drafted and recorded a Notice of Pendency and a Power of Attorney.[3]  (*Id.* ¶ 11.)  On February 10, 2012, EverBank, through Shapiro, noticed a sheriff's sale.  (*Id.* ¶ 13.)  On June 28, 2012,

---

[1] Ko also purports to bring claims against "all other person[s] unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein."  There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them, and all claims against them will be dismissed.  *See Estate of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made).

[2] Ann Johnson, an employee of EverBank, executed the mortgage as an assistant secretary of MERS.  (Compl. ¶¶ 9-10.)  MERS had previously executed an agreement conferring signing authority and officer status to Johnson.  (Decl. of Kalli L. Ostlie, Ex. H, Apr. 3, 2013, Docket No. 11.)

[3] Lorri Beltz, an employee of EverBank, executed the Notice of Pendency as a Vice President of MERS.  (Compl. ¶¶ 11-12.)

EverBank, through Shapiro, purchased the property at the sheriff's sale and recorded the purchase of the property with the Anoka County Office of Recorder. (*Id.*) On February 6, 2013, Shapiro, acting for EverBank, commenced an eviction proceeding against Ko. (*Id.* ¶ 22.)

On February 20, 2013, Ko filed this action in Minnesota state court. (*See generally id.*) Defendants timely removed this action. (Notice of Removal, Mar. 14, 2013, Docket No. 1.) Ko sought a temporary restraining order from this Court enjoining eviction proceedings. (Mot. for TRO, Apr. 2, 2012, Docket No. 3.) This Court denied the motion. *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 1364164 (D. Minn. Apr. 4, 2013), *appeal dismissed* (8th Cir. June 11, 2013). Ko now seeks remand of the case, contending that the Court's exercise of diversity jurisdiction is inappropriate. Defendants move to dismiss all of Ko's claims.

## ANALYSIS

### I. KO'S MOTION TO REMAND

Ko seeks remand of this case, asserting that this Court lacks jurisdiction because Ko and Shapiro are both Minnesota residents and, therefore, not diverse. In general, for a removed action, complete diversity must exist when the state complaint and the petition for removal are filed. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). Application of this rule here would mean the Court did not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because at the time of filing and removal, Shapiro's citizenship destroyed diversity. The fraudulent-joinder exception, however, prevents a

plaintiff from defeating a defendant's right of removal by fraudulently joining a defendant. *Knudson*, 634 F.3d at 976.

"[T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant . . . a defendant seeking removal [must] prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 977 (citation omitted). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). As outlined below, Ko failed to state a cause of action against Shapiro or any other defendant. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013). Because all the claims against Shapiro have no reasonable basis in fact or law, the Court concludes that Shapiro was fraudulently joined. Without Shapiro – whose citizenship may be disregarded – the Court has diversity jurisdiction over this action pursuant to § 1332. Because the Court finds jurisdiction is proper, it will deny Ko's remand motion.

## II.   DEFENDANTS' MOTION TO DISMISS

### A.   Standard of Review

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). Finally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### B.   Quiet Title

Ko brings a claim for quiet title against EverBank, arguing that it is EverBank's burden to "prove its title to the Mortgage." (Compl. ¶ 28.) Ko contends that "on information and belief," EverBank's employees did not have the authority to sign the Assignments of Mortgage and Notice of Pendency documents and, therefore, Defendants' foreclosure on the property was void. (*See* Compl. ¶¶ 10, 12, 19-23.) In order to survive Defendants' motion to dismiss, Ko must plead facts that support his quiet title claim sufficient to satisfy federal pleading standards. *See Karnatcheva*, 704 F.3d at 548. The Minnesota quiet title statute provides, in relevant part, that "[a]ny person in possession of real property . . . may bring an action against another who claims an . . . interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat.

§ 559.01.  Ko's complaint provides nothing to support his claim that "[D]efendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." *Karnatcheva*, 704 F.3d at 548.  In sum, Ko does not sufficiently plead his quiet title claim and this count will be dismissed.

      **C.**      **Declaratory Judgment Under Minn. Stat. § 522.02**

Ko also seeks a declaratory judgment that the sheriff's sale was void, the Assignment of Mortgage was void, the Notice of Pendency was void, and he is the owner of the property.  Ko relies on the same allegations used to support his quiet title claim.  Consequently, his declaratory judgment claim must fail for the same reasons.  The Court will dismiss this claim because of the speculative nature of the underlying allegations.

      **D.**      **Deceit or Collusion**

Ko brings a claim for deceit or collusion under Minnesota Statutes § 481.07 against Shapiro.  The statute provides that "[a]n attorney who, with intent to deceive a court or a party to an action or a judicial proceeding, is guilty of or consents to any deceit or collusion . . . shall be liable to the party injured in treble damages."  Minn. Stat. § 481.07.  However, this statute "does not create a new cause of action."  *Love v. Anderson*, 61 N.W.2d 419, 422 (Minn. 1953).  Rather, a plaintiff seeking damages under § 481.07 must "specifically allege a claim of fraud as the underlying cause of action, in compliance with Fed. R. Civ. P. 9(b)."  *Schumacher v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-29, 2013 WL 3033746, at *3 (D. Minn. June 17, 2013) (quoting *Beardmore*

*v. Am. Summit Fin. Holdings, LLC*, Civ. No. 01–948, 2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001)). Because Ko does not allege a claim for fraud or plead fraud with the specificity required by Rule 9(b), the Court will dismiss his claim seeking penalties for deceit or collusion.

### E.   Negligence Per Se

Ko alleges that Shapiro is negligent per se because Shapiro (1) failed to record all the assignments, in violation of Minnesota Statutes § 580.02; (2) failed to record the Powers of Attorney before sending the notice of foreclosure sale, in violation of Minnesota Statutes § 580.05; and (3) represented to the eviction court that the foreclosure was valid, in violation of Minnesota Rule of Professional Conduct 3.3. To plead a negligence claim, a plaintiff must allege "(1) the existence of a duty of care; (2) a breach of that duty; (3) [that] an injury was sustained; and (4) [that] breach of the duty was the proximate cause of the injury." *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). "A per se negligence rule substitutes a statutory standard of care for the ordinary prudent person standard of care, such that a violation of a statute (or an ordinance or regulation adopted under statutory authority) is conclusive evidence of duty and breach." *Gradjelick v. Hance*, 646 N.W.2d 225, 231 n.3 (Minn. 2002).

Ko fails to allege a claim for negligence per se. Under Minnesota law, "an attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970). "Further, attorneys are generally not liable

to the client's adversary, absent evidence of an affirmative misrepresentation." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 871 F. Supp. 2d 834, 839 (D. Minn. 2012), *aff'd*, 704 F.3d 545 (8th Cir. 2013). Ko does not allege an affirmative misrepresentation in this case. In addition, Ko's claim fails because "violations of § 580.02, § 580.05, and Rule 3.3 cannot establish negligence per se." *Schumacher*, 2013 WL 3033746, at *3; *see also Richter v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-475, 2013 WL 3223377, at *5 (D. Minn. June 25, 2013).

### F. Slander of Title

Finally, Ko alleges a claim for slander of title against Shapiro. To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; [and] (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

*Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Ko alleges that Shapiro drafted and recorded documents that it knew were false because they were executed without the proper authority. But Ko fails to allege that Shapiro acted with malice. *See Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258 (8th Cir. 2013) ("The pleadings contain nothing but naked assertions that one or more of the named defendants suspected that [the party initiating foreclosure] lacked legal title to the mortgages yet chose to publish statements to the contrary."). Because Ko fails to allege malice, he has not stated a claim for slander of title, and this claim will be dismissed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand to State Court [Docket No. 27] is **DENIED**.

2. Defendants' Motion to Dismiss [Docket No. 17] is **GRANTED**.

3. Plaintiff's Complaint is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 9, 2013                                      s/ John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                    United States District Judge